UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONNE L. MIESSEK,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MARINE KINGDOM, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-01512 DJC AC PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

### I.   Screening

#### A. Legal Standard

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

     A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

  B. The Complaint

     Plaintiff filed suit on May 29, 2024. ECF No. 1. The caption of the complaint lists Marine Kingdom, Africa Entities, and Indian Tribal Entities as defendants. ECF No. 1 at 1. In the portion of the form complaint in which plaintiff is asked to identify the defendants, plaintiff provides the name Donna Harris but does not include any other identifying information for Ms. Harris. Id. at 3. Plaintiff asserts federal question jurisdiction based on embezzlement. Id. at 4. When asked to identify the amount in controversy, plaintiff writes "fraudulent activity." Id. at 5. Plaintiff alleges that in 1999/2000, she "blessed America and 2 Ethnicities converted monetary assets that I blessed America with. These two ethnicities are African/Haitian and Indian." Id. She also states that "Egypt may be involved." Id. When asked to identify the relief sought, plaintiff writes "These Ethnics have poisoned me and caused catastrophic events worldwide. They are attempting to force me into their witchcraft covens. They have forged documents." Id. at 6.

  C. Analysis

     The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint consists entirely of fanciful and delusional allegations with no basis on law and no plausible supporting facts. See ECF No. 1. The contents of the complaint are sufficiently unintelligible as to make it clear that leave to amend in this case would not be fruitful. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

**II.    Pro Se Plaintiff's Summary**

     Your motions to proceed without paying the filing fees are being granted, and you do not have to pay the filing fee. However, the Magistrate Judge has determined that your complaint cannot be served because it does not state any legal claim that the court can help with. The

Magistrate Judge is recommending that your case be dismissed. You have 21 days to file an objection to this recommendation.

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED

DATED: May 29, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE